

**U.S. Department of Justice**

Eastern District of Louisiana
U. S. Attorney's Office

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2009 JAN 29 PM 4: 09

LORETTA G. WHYTE
CLERK

---

Michael E. McMahon
Assistant United States Attorney

Hale Boggs Federal Building
500 Poydras Street, B210
New Orleans, LA 70130

Telephone #: (504) 680-3027
Fax #: (504) 589-4393

January 29, 2009

Honorable Martin L.C. Feldman
United States District Judge
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

    Re:  United States v. Charles E. Barnett, Jr.
         Criminal Docket No.: 08-147 "F"

Dear Judge Feldman:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Charles E. Barnett, Jr., the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Provino C. Mosca, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The defendant has agreed to plead guilty to a superseding misdemeanor bill of information for unauthorized access of a government computer, in violation of 18 U.S.C. § 1030(a)(2)(B). If the Court accepts the defendant's guilty plea, the government will move the court to dismiss the original indictment against the defendant at the time of sentencing. The defendant, however, understands that the Court is not bound to grant the motion to dismiss.

    The defendant further understands that the maximum penalty defendant may receive should his plea of guilty be accepted is one year of imprisonment; and/or a fine of $100,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person, under Title 18, United States Code, Section 3571.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No._____

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $25.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to one year pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are no other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
Michael McMahon
Assistant United States Attorney
Louisiana Bar Roll No. 10095
Hale Boggs Federal Building
500 Poydras Street, Second Floor
New Orleans, Louisiana 70130
Telephone: (504) 680-3027
Michael.Mcmahon@usdoj.gov

_____
Provino C. Mosca
Attorney for the Defendant
January 29, 2009

_____
Charles E. Barnett, Jr.
Defendant
January 29, 2009